IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEYSTONE INSURANCE COMPANY<br>AS SUBROGEE OF BRENDA BOYD<br>　　　　　　　　　　　　Plaintiffs<br>vs.<br><br>NATIONAL RAILROAD PASSENGER<br>CORPORATION A/K/A AMTRAK, AND<br>KEVIN CONNORS<br>　　　　　　　　　　　　Defendants | CIVIL ACTION<br><br>NO.<br><br><br><br>JURY TRIAL DEMANDED<br>12 JURORS REQUESTED |

## NOTICE OF REMOVAL

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE:**

The Petitioner, Defendant, National Railroad Passenger Corporation a/k/a Amtrak (hereinafter "Amtrak") and Defendant Kevin Connors, by and through its attorneys, Gallagher & Rowan, P.C., respectfully avers the following:

1. On February 26, 2007, this action was commenced against the Defendants in the Superior Court in and for New Castle County, Delaware, upon the filing of a Praecipe for Summons and Complaint. This case is known as **Keystone Insurance Company as Subrogee of Brenda Boyd vs. National Railroad Passenger Corporation a/k/a Amtrak, and Kevin Connors**, C.A. No. 07C-02-080 MJB. The Complaint is attached hereto, and made part hereof as Exhibit A.

2. Amtrak received service of the Plaintiff's Complaint on or about March 22, 2007.

3. Defendant Amtrak is a corporation created by an Act of Congress

codified at 49 U.S.C. § 24301, et seq.

4. The Federal Government owns and owned during all relevant times hereto more than one-half of the capital stock of the Defendant, Amtrak.

5. The above-described action is a Civil Action over which this Honorable Court has federal question jurisdiction under 28 U.S.C. §1331, given that Defendant Amtrak was created by an Act of Congress, wherein the United States is the owner of more than one-half of its capital stock. Eichelberg v. National Railroad Passenger Corp., 57 F.3d 1179 (2nd Cir. 1995); Foster v. National Fire, Marine & Inland Ins. Co., 986 F.2d 48, 51 (3d Cir. 1993); Capocy v. Kirtadze, et al., 1997 W.L. 182296 (N.D. Ill. 1997); Gibson v. National R. R. Corp., 170 F.R.D. 408 (E.D. Pa. 1997); Landman v. Borough of Bristol, 896 F. Supp. 406, 407-408 (E.D. Pa. 1995); Wormley v. Southern Pacific Transp. Co., 863 F. Supp. 382 (E.D. Tex 1994); Estate of Wright v. Illinois Cent. R. Co., 831 F.Supp. 574 (S.D. Miss. 1993); Boone v. National Railroad Passenger Corporation, 1993 W.L. 93 946 (E.D. Pa. 1993); Ritter v. Consolidated Rail Corporation, 1993 W.L. 29151 (E.D, Pa. 1993); Marcus v. Northeast Commuter Services Corp., 1992 W.L. 129637 (E.D, Pa. 1992); McManus v. Glassman's Wynnefield, Inc., 710 F.Supp. 1043 (E.D. Pa. 1989); In re: Rail Collision Near Chase, Maryland, on January 4, 1987; Harvey v. National Railroad Passenger Corporation, et al., 680 F.Supp. 728 (D.Ct. Md. 1987); See also, Nero v. Amtrak, 714 F.Supp. 753, 754 (E.D. Pa. 1989); Rivera v. City of Bethlehem, E.D. Pa. No. 92-3292, Memorandum Opinion and Order, July 20, 1992; Zawacki v. Penpac, Inc., 745 F.Supp. 1044 (M.D. Pa. 1990).

6. The above-described action is one which may be removed to this Honorable Court by Amtrak pursuant to the provisions of 28 U.S.C. §1441 et seq. in that this action has been brought in a state court, and a District Court of the United States has original jurisdiction under 28 U.S.C. §1331.

7. This Notice is filed with this Court within the time for removal set forth in 28 U.S.C. §1446(b), and as set forth in <u>Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.</u>, 119 S.Ct. 1322 (1999), inasmuch as the thirty (30) day period for removal, which runs from Amtrak's receipt of the Complaint, has not expired.

8. Defendant, National Railroad Passenger Corporation a/k/a Amtrak is alleged to be liable for the alleged negligence of Defendant Kevin Connors, an employee of Amtrak who was involved in the automobile accident as alleged in plaintiff's complaint.

9. Plaintiff Keystone Insurance Company as subrogee of Brenda Boyd allegedly suffered monetary damages when the Boyd vehicle collided with Amtrak employee Kevin Connors' vehicle in or around Adams Street and Lancaster Avenue in Delaware on November 14, 2003.

10. Written notice of the filing of this Notice will be given to the adverse parties as required by 28 U.S.C. §1446(d).

11. A true and correct copy of the Notice will be filed with the Prothonotary of the Superior Court of New Castle County, Delaware, as provided by 28 U.S.C. §1446(d).

12. Pursuant to U.S.C. §1446(a), there is found herewith and by reference

made a part hereof a true and correct copy of all process, pleadings and orders served upon the noticing party in this action.

WHEREFORE, Defendants, hereby pray that it may affect the removal of this action from the Superior Court, County of New Castle, Delaware to the United States District Court for the District of Delaware.

GALLAGHER & ROWAN, P.C.

BY: _____
JESSICA E. GENSLER LIPPY, ESQUIRE
Attorney I.D. No. 4426
Silverside Carr Executive Center
501 Silverside Road, Suite 94
Wilmington, DE 19809
(302) 798-2779
Attorney for Defendants
National Railroad Passenger Corporation a/k/a
Amtrak and Kevin Connors

Date: 4/3/07

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEYSTONE INSURANCE COMPANY<br>AS SUBROGEE OF BRENDA BOYD<br>　　　　　　　　　　Plaintiffs<br>vs.<br><br>NATIONAL RAILROAD PASSENGER<br>CORPORATION A/K/A AMTRAK, AND<br>KEVIN CONNORS<br>　　　　　　　　　　Defendants | CIVIL ACTION<br><br>NO. 1:05-cv-736<br><br><br>JURY TRIAL DEMANDED<br>12 JURORS REQUESTED |

## CERTIFICATE OF SERVICE

I, Jessica E. Gensler Lippy, Esquire, attorney for National Railroad Passenger Corporation a/k/a Amtrak and Kevin Connors, hereby certify that a true and correct copy of the Notice of Removal, was served via first class mail, postage prepaid to:

William J. Cattie, III
Rawle & Henderson, LLP
300 Delaware Avenue
Suite 1015
PO Box 588
Wilmington, DE 19899-0588


GALLAGHER & ROWAN, P.C.

BY: _____
JESSICA E. GENSLER LIPPY, ESQUIRE
Attorney I.D. No. 4426
Silverside Carr Executive Center
501 Silverside Road, Suite 94
Wilmington, DE 19809
(302) 798-2779
Attorney for Defendants
National Railroad Passenger Corporation
a/k/a Amtrak and Kevin Connors

Date: 4/3/07

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| KEYSTONE INSURANCE COMPANY<br>as subrogee of Brenda Boyd,<br>       Plaintiff, | )<br>)<br>)<br>) | C.A. No.<br><br>ARBITRATION |
| v. | )<br>) | |
| NATIONAL RAILROAD PASSENGER<br>CORPORATION a/k/a AMTRAK and<br>KEVIN CONNORS, | )<br>)<br>)<br>) | |
|        Defendants. | )<br>) | |

**PRAECIPE**

To:    Clerk of the Court
        Office of the Prothonotary
        Superior Court
        500 North King Street
        Wilmington, DE 19801

**PLEASE ISSUE WRIT** commanding the Sheriff of New Castle County to serve Summons and Complaint upon Defendant:

1. National Railroad Passenger Corporation a/k/a Amtrak, c/o State of Delaware, Department of State, Office of the Secretary, 401 Federal Street, Suite 3, Dover, DE 19901 pursuant 10 Del. C. § 3112.

2. Kevin Connors, c/o State of Delaware, Department of State, Office of the Secretary, 401 Federal Street, Suite 3, Dover, DE 19901 pursuant 10 Del. C. § 3112.

**[SIGNATURE ON NEXT PAGE]**

RAWLE & HENDERSON LLP

_____
William J. Cattie, Esq.
I. D. No. 953
300 Delaware Avenue, Suite 1130
P. O. Box 588
Wilmington, DE 19899-0588
Attorney for Plaintiff

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| KEYSTONE INSURANCE COMPANY ) <br> as subrogee of Brenda Boyd, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NATIONAL RAILROAD PASSENGER ) <br> CORPORATION a/k/a AMTRAK and ) <br> KEVIN CONNORS, ) <br> ) <br> Defendants. ) | C.A. No. <br><br> ARBITRATION |

## SUMMONS

THE STATE OF DELAWARE
TO THE SHERIFF OF KENT COUNTY:

YOU ARE COMMANDED:

To summon the named Defendant National Railroad Passenger Corporation a/k/a Amtrak at its principle office and place of business at 60 Massachusetts Avenue, N.E., Washington, DC 20002 by service upon them so that, within 20 days after service hereof on Defendant National Railroad Corporation a/k/a Amtrak, exclusive of the day of service, Defendant shall serve upon William J. Cattie, III, Esq., Plaintiff's attorney, whose address is Rawle & Henderson, LLP, 300 Delaware Avenue, Suite 1015, P. O. Box 588, Wilmington, Delaware 19801, an Answer to the Complaint (and, if an Affidavit of Demand has been filed, an Affidavit of Defense).

To serve upon Defendant a copy hereof and of the Complaint (and of the Affidavit of Demand if any has been filed by Plaintiff).

Dated: _____

_____
Prothonotary

**To the Above Named Defendant:**

     In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Plaintiff's attorney, named above, an Answer to the Complaint (and, if an Affidavit of Demand has been filed, an Affidavit of Defense), Judgment by Default will be rendered against you for the relief demanded in the Complaint (or in the Affidavit of Demand, if any).

Dated:

                                                                               Prothonotary

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| KEYSTONE INSURANCE COMPANY as subrogee of Brenda Boyd, Plaintiff, | ) ) C.A. No. ) ) ARBITRATION |
| v. | ) ) |
| NATIONAL RAILROAD PASSENGER CORPORATION a/k/a AMTRAK and KEVIN CONNORS, Defendants. | ) ) ) ) ) ) |

### SUMMONS

**THE STATE OF DELAWARE**
**TO THE SHERIFF OF KENT COUNTY:**

**YOU ARE COMMANDED:**

To summon the named Defendant Kevin Connors residing at 59 Orchard Lane, Levittown, PA 19055 by service upon him so that, within 20 days after service hereof on Defendant Kevin Connors, exclusive of the day of service, Defendant shall serve upon William J. Cattie, III, Esq., Plaintiff's attorney, whose address is Rawle & Henderson, LLP, 300 Delaware Avenue, Suite 1015, P. O. Box 588, Wilmington, Delaware 19801, an Answer to the Complaint (and, if an Affidavit of Demand has been filed, an Affidavit of Defense).

To serve upon Defendant a copy hereof and of the Complaint (and of the Affidavit of Demand if any has been filed by Plaintiff).

Dated: _____

_____
Prothonotary

**To the Above Named Defendant:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Plaintiff's attorney, named above, an Answer to the Complaint (and, if an Affidavit of Demand has been filed, an Affidavit of Defense), Judgment by Default will be rendered against you for the relief demanded in the Complaint (or in the Affidavit of Demand, if any).

Dated: _____

_____
Prothonotary

# CIVIL CASE INFORMATION STATEMENT (CIS)
## SUPERIOR COURT

COUNTY: ☒N ☐K ☐S   CIVIL ACTION NUMBER:
CIVIL CASE CODE: CPIN   CIVIL CASE TYPE: Personal Injury

| CAPTION: | NAME AND STATUS OF PARTY FILING DOCUMENT: |
|---|---|
| KEYSTONE INSURANCE COMPANY, as subrogee of Brenda Boyd, Plaintiff, v. NATIONAL RAILROAD PASSENGER CORPORATION a/k/a AMTRAK and KEVIN CONNORS, Defendants. | Plaintiff, Keystone Insurance Company, as subrogee of Brenda Boyd<br><br>DOCUMENT TYPE: (E.G., COMPLAINT; ANSWER WITH COUNTERCLAIM<br>Complaint<br><br>☐ NON-ARBITRATION<br>(CERTIFICATE OF VALUE MAY BE REQUIRED)<br>☒ ARBITRATION  ☐ MEDIATION  ☐ NEUTRAL ASSESSMENT<br>DEFENDANT (SELECT ONE) ☒ ACCEPT  ☐ REJECT<br>JURY DEMAND  ☐ YES  ☒ NO<br>TRACK ASSIGNMENT REQUESTED: (SELECT ONE)<br>☐ EXPEDITED  ☒ STANDARD  ☐ COMPLEX |
| ATTORNEY NAME(S):<br>William J. Cattie, III, Esq.<br>ID No. 953 | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS |
| FIRM NAME:<br>Rawle & Henderson, LLP<br>300 Delaware Avenue, Ste. 1015<br>Wilmington, DE 19899<br>TELEPHONE NUMBER: (302) 778-1200<br>FAX NUMBER: (302) 778-1400<br>E-MAIL ADDRESS:<br>wcattie@rawle.com | EXPLAIN THE RELATIONSHIP(S):<br><br><br>OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT: |

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND TO HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

1393993 v.1

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| KEYSTONE INSURANCE COMPANY as subrogee of Brenda Boyd, <br>     Plaintiff, <br><br> v. <br><br> NATIONAL RAILROAD PASSENGER CORPORATION a/k/a AMTRAK and KEVIN CONNORS, <br>     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) )    C.A. No. <br><br> ARBITRATION |

## COMPLAINT

1. Plaintiff Keystone Insurance Company is a duly organized corporation, which can be served through its undersigned counsel.

2. Defendant National Railroad Passenger Corporation a/k/a Amtrak is a duly organized for profit corporation, which can be served at its principle office and place of business at 60 Massachusetts Avenue., N.E., Washington, D.C. 20002 pursuant to 10 Del. C. § 3112 *et seq.*

3. Defendant Kevin Connors is an adult individual, who can be served at his residence 59 Orchard Lane, Levittown, PA 19055 pursuant to 10 Del. C. § 3112 *et seq.*

4. On November 14, 2003, the Plaintiff's subrogor, Brenda Boyd, was traveling on Adams Street near the intersection with Lancaster Avenue. The Defendant Kevin Connors was operating his vehicle on Lancaster Avenue at Adams Street.

2009380-1

5. On the aforesaid date, time and location, the Defendant Kevin Connors disregarded the red traffic signal for his lane of travel and struck the automobile operated by Plaintiff's subrogor, Brenda Boyd, as she entered the intersection.

6. At all relevant times, the Defendant Kevin Connors was acting in the course and scope of his employment with Defendant National Railroad Passenger Corporation a/k/a Amtrak, which is liable for his negligence under the Doctrine of *Respondeat Superior*.

7. Defendant Kevin Connors was negligent in that he:

   a. disregarded a red traffic control signal in violation of 21 Del. C. § 4108;

   b. failed to give full time and attention to the operation of the vehicle he was driving, in violation of 21 Del. C. §4176(a);

   c. failed to maintain a proper lookout while operating his vehicle, in violation of 21 Del. C. § 4176(b);

   d. failed to exercise and maintain proper control of his vehicle; and

   e. operated the vehicle he was driving in a careless and imprudent manner, without due regard for traffic conditions then existing, in violation of 21 Del. C. § 4176(a);

   f. operated the vehicle he was driving at a speed greater than was reasonable and prudent under the conditions and without having due regard for the actual and potential hazards then existing, in violation of 21 Del. C. § 4176(a) and (b);

2009380-1

  g. operate the vehicle he was driving in wanton disregard for the safety of other persons or property, in violation of 21 Del. C. § 4176(a); and

  h. violated the common-law duty of lookout.

8. As a result of the negligence of the Defendants, Brenda Boyd suffered significant personal injury, including a fracture pelvis, which resulted in her death.

9. Plaintiff had issued to Brenda Boyd a policy of automobile insurance, No. 1342 4137, which provided $100,000 per person/$300,000 per accident of No Fault coverage pursuant to 21 Del. C. § 2118.

10. Pursuant to its policy of insurance, Plaintiff paid $5,000 towards the funeral expenses of Brenda Boyd on March 2, 2004.

11. Additionally, Plaintiff paid $48,605.64 for medical treatment as a result of the injuries suffered by Brenda Boyd, on various dates beginning March 5, 2004.

12. Pursuant to 21 Del. C. § 2118(g), Plaintiff has a direct cause of action against the Defendants. See Waters v. United States of America, 787 A.2d 71 (Del. Supr., 2001).

13. This suit is brought within three years of the first payment made by Plaintiff to or on behalf of its Insured, Brenda Boyd, and is timely. See Harper v. State Farm Mutual Automobile Insurance Company, 703 A.2d 136 (Del. Supr., 1997); Nationwide General Insurance Company v. The Hertz Corporation, C.A. No. 05C-12-008 FSS (Del. Super., September 18, 2006).

14. Defendants remain directly liable to the Plaintiff in the amount of $53,605.64 regardless of any agreement reached by the Defendants with the personal

2009380-1

representative of Brenda Boyd, which attempts to provide otherwise. <u>Progressive Insurance Company v. Bowman</u>, C.A. 96C-04-072-SCD (Del. Super., October 20, 1996).

15. Plaintiff is entitled to interest at the legal rate of interest beginning on the date the above payments were made pursuant to 6 <u>Del. C.</u> § 2301.

WHEREFORE, Plaintiff demands Judgment against the Defendants in the amount of $53,605.64 plus interest and costs of suit.

> RAWLE & HENDERSON LLP
>
> William J. Cattie, III, Esq.
> I. D. No. 953
> 300 Delaware Avenue, Suite 1015
> P. O. Box 588
> Wilmington, DE 19899-0588
> (302) 778-1200
> Attorney for Plaintiff

2009380-1

07-196

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
KEYSTONE INSURANCE COMPANY AS SUBROGEE OF BRENDA BOYD

**DEFENDANTS**
NATIONAL RAILROAD PASSENGER CORPORATION A/K/A AMTRAK & KEVIN CONNORS

(b) County of Residence of First Listed Plaintiff: UNKNOWN
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: WASHINGTON, D.C.
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) (302) 778-1200
WILLIAM J. CATTIE, III
RAWLE & HENDERSON, LLP
300 DELAWARE AVE, STE 1015, BOX 588
WILMINGTON, DE 19899-0588

Attorneys (If Known)
JESSICA LIPPY   GALLAGHER & ROWAN, P.C.
501 SILVERSIDE ROAD, STE 94
WILMINGTON, DE 19809    (302) 798-2779

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / PERSONAL PROPERTY / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☒ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1331 / 28 USC 1441
Brief description of cause: SUBROGATION ACTION, REMOVAL BASED UPON FEDERAL QUESTION - AMTRAK CREATED BY CONGRESS

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 4/3/07
SIGNATURE OF ATTORNEY OF RECORD: /s/ Jessica Lippy

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____07 - 196_____

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____2____ COPIES OF AO FORM 85.

__APR 0 5 2007__  _____
(Date forms issued)    (Signature of Party or their Representative)

_____Rcokkis A. Ehrlich_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action