105.013

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEYSTONE INSURANCE COMPANY AS SUBROGEE OF BRENDA BOYD | CIVIL ACTION |
| Plaintiffs | NO.  1:07-cv-00196 |
| vs. | |
| NATIONAL RAILROAD PASSENGER CORPORATION A/K/A AMTRAK, AND KEVIN CONNORS | JURY TRIAL DEMANDED 12 JURORS REQUESTED |
| Defendants | |

**ANSWER OF DEFENDANTS, NATIONAL RAILROAD PASSENGER CORPORATION a/k/a AMTRAK AND KEVIN CONNORS**
**TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES**

## FIRST AFFIRMATIVE DEFENSE

1.      Denied.  Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the matters asserted in paragraph 1 and, therefore, they are denied.

2.      Denied as stated.  The National Railroad Passenger Corporation is a corporation which was created by an Act of Congress, and is subject to the business laws of the District of Columbia, to the extent that said business laws do not conflict with the Act of Congress which created the National Railroad Passenger Corporation.  The National Railroad Passenger Corporation has its domicile and principal place of business in the District of Columbia, both as a matter of fact and as a matter of law, pursuant to the Act of Congress creating the National Railroad Passenger Corporation.

3.    Admitted.

4.    Denied.  Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the matters asserted in paragraph 4 and, therefore, they are denied.

5.    Denied.  To the extent the averments contained in paragraph 5 of Plaintiffs' Complaint are conclusions of law, no response is required.  To the extent that the allegations contained in paragraph 5 are deemed to be statements of fact, they are denied.

6.    Denied.  To the extent the averments contained in paragraph 6 of Plaintiffs' Complaint are conclusions of law, no response is required.  To the extent that the allegations contained in paragraph 5 are deemed to be statements of fact, they are denied.

7.    Denied. It is specifically denied Defendants were in any way negligent. The averments contained in paragraph 7 (a) through (h) of Plaintiffs' Complaint are conclusions of law to which no response is required.  To the extent that the allegations contained in paragraph 7 (a) through (h) are deemed to be statements of fact, they are denied.

8.    Denied.  It is specifically denied Defendants were in any way negligent. Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining matters asserted in paragraph 8 and, therefore, they are denied.

9.    Denied.  Answering Defendants are without sufficient knowledge or

information to form a belief as to the truth of the matters asserted in paragraph 9 and, therefore, they are denied.

10.    Denied.  Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the matters asserted in paragraph 10 and, therefore, they are denied.

11.    Denied.  Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the matters asserted in paragraph 11 and, therefore, they are denied.

12.    Denied.  The averments contained in paragraph 12 of Plaintiffs' Complaint are conclusions of law to which no response is required.  To the extent that the allegations contained in paragraph 12 are deemed to be statements of fact, they are denied.

13.    Denied.  The averments contained in paragraph 13 of Plaintiffs' Complaint are conclusions of law to which no response is required.  To the extent that the allegations contained in paragraph 13 are deemed to be statements of fact, they are denied.

14.    Denied.  The averments contained in paragraph 14 of Plaintiffs' Complaint are conclusions of law to which no response is required.  To the extent that the allegations contained in paragraph 14 are deemed to be statements of fact, they are denied.

15.    Denied.  The averments contained in paragraph 15 of Plaintiffs' Complaint are conclusions of law to which no response is required.  To the extent

that the allegations contained in paragraph 15 are deemed to be statements of fact, they are denied.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's action is barred by the applicable Statute of Limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs fail to state a cause of action upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' cause of action is barred and/or limited in accordance with the Comparative Negligence Act, the relevant portions of which are incorporated herein by reference as if more fully set forth at length.

## FIFTH AFFIRMATIVE DEFENSE

If Plaintiff was injured as alleged, said injuries were due entirely to Plaintiff's own act(s) of negligence.

## SIXTH AFFIRMATIVE DEFENSE

The negligence of the Plaintiff was greater than that of the Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

The occurrence alleged in the Complaint was unavoidable in nature and beyond the control of these Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

Any injuries or damages alleged to have been sustained by the Plaintiff were the result of the negligence or other conduct of a third person or persons over whom

answering Defendants exercised no control or right of control.

### NINTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendants exercised all reasonable precautions.

### TENTH AFFIRMATIVE DEFENSE

The losses and injuries alleged by the Plaintiffs in the Complaint are not the result of the incident complained of in this Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

Answering Defendants violated no duty to Plaintiffs, if any was owing by them, which proximately caused the injuries and damages alleged to have been sustained.

### TWELFTH AFFIRMATIVE DEFENSE

Answering Defendants deny that they were guilty of any negligence which was the proximate or producing cause of any injuries or damages alleged to have been sustained by the Plaintiffs.

### THIRTEENTH AFFIRMATIVE DEFENSE

Answering Defendants' agents, servants, employees, and/or representatives did not cause any accident or incident which is alleged to have occurred.

### FOURTEENTH AFFIRMATIVE DEFENSE

If the Plaintiff was injured or suffered losses as alleged, all such injuries, damages, and/or losses being specifically denied, said injuries, damages, and all losses therefrom are due, in whole or in part, to the negligence, carelessness, or recklessness of the Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

If the Plaintiff was injured or suffered losses as alleged, all such injuries, damages, and/or losses being specifically denied, said injuries, damages, and all losses were caused by the negligence, carelessness, recklessness, actions, inactions, or other fault of third parties over whom answering Defendants exercised no control nor any right of control.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages, all such damages being specifically denied.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Any actions or inactions on the part of answering Defendants and/or answering Defendants' agents, servants, employees, and/or representatives, were not the cause or causes of either the accident alleged, nor of any of the injuries, damages, and/or losses alleged to have been sustained by the Plaintiffs, all such injuries, damages and/or losses being specifically denied.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred and/or otherwise limited pursuant to the applicable provisions of any releases and/or other agreements into which Plaintiff and/or her representatives may have entered, the relevant provisions of which are hereby incorporated by reference.

## NINETEENTH AFFIRMATIVE DEFENSE

Answering Defendants did not cause any of the Plaintiff's alleged damages,

losses, or injuries.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claim for damages are barred and/or limited by the Doctrine of Intervening and/or Superseding causes.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff may not recover damages covered by 21 Del. C. 2118, et seq.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Answering Defendant reserves the right to amend its Answer and to insert additional defenses and/or supplement, alter or change his Answer upon the revelation of more finite facts by the Plaintiff and upon the completion of further discovery and investigation.

WHEREFORE, Defendants demand Judgment against Plaintiffs and in favor of the Defendants.

GALLAGHER & ROWAN,  P.C.

BY: /s/ Jessica E. Gensler Lippy
    JESSICA E. GENSLER LIPPY, ESQUIRE
    Attorney I.D. No. 4426
    Silverside Carr Executive Center
    501 Silverside Road, Suite 94
    Wilmington, DE 19809
    (302) 798-2779
    Attorney for Defendants
    National Railroad Passenger Corporation
    a/k/a Amtrak and Kevin Connors

Date:        April 11, 2007

105.013

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEYSTONE INSURANCE COMPANY<br>AS SUBROGEE OF BRENDA BOYD<br><div align="right">Plaintiffs</div><br>vs.<br><br>NATIONAL RAILROAD PASSENGER<br>CORPORATION A/K/A AMTRAK, AND<br>KEVIN CONNORS<br><div align="right">Defendants</div> | CIVIL ACTION<br><br>NO.  1:07-cv-00196<br><br><br><br>JURY TRIAL DEMANDED<br>12 JURORS REQUESTED |

### CERTIFICATE OF SERVICE

I, Jessica E. Gensler Lippy, Esquire, attorney for Defendants, National Railroad Passenger Corporation a/k/a Amtrak and Kevin Connors, hereby certify that a true and correct copy of the foregoing Answer on behalf of Defendants, National Railroad Passenger Corporation a/k/a Amtrak and Kevin Connors, was served via first class mail, postage prepaid to counsel for Plaintiffs as follows:

William J. Cattie, III
Rawle & Henderson, LLP
300 Delaware Avenue
Suite 1015
PO Box 588
Wilmington, DE 19899-0588


GALLAGHER & ROWAN,  P.C.

BY: /s/ Jessica E. Gensler Lippy
        JESSICA E. GENSLER LIPPY, ESQUIRE
        Attorney I.D. No. 4426
        Silverside Carr Executive Center
        501 Silverside Road, Suite 94
        Wilmington, DE 19809
        (302) 798-2779
        Attorney for Defendants
        National Railroad Passenger Corporation
        a/k/a Amtrak and Kevin Connors

Date:        April 11, 2007